UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| BRUCE BERNARD TOWNSEND, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | Case No. CV410-287 |
| | ) | CR498-106 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Bruce Bernard Townsend has filed a 28 U.S.C. § 2255 motion challenging this Court's revocation of his supervised release.[1] CR498-106, doc. 807.[2] The government moves to dismiss. Doc. 827. However, further briefing is required.

After a jury found Townsend guilty of conspiracy to distribute crack and powder cocaine in violation of 21 U.S.C. § 841(a), Townsend was sentenced to and served time in prison. But he also left prison on,

---

[1] Supervised release revocation rulings may be appealed, *Burnett v. United States*, 2012 WL 1022162 at * 1 n. 1 (7th Cir. Mar. 28, 2012); *United States v. Barnes*, 405 F. App'x 389, 389 (11th Cir. 2010), and challenged under § 2255. *Burnett*, 2012 WL 1022162 at * 1 n. 1.

[2] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper-document's printed pagination.

and later violated, supervised release. Doc. 780. Following a revocation hearing, the district judge sent him back to prison for 36 months. *Id*. Townsend took no appeal, but now moves for § 2255 relief. Doc. 807. The government moves to dismiss it. Doc. 827. Townsend opposes with an "Affidavit of Fact." Doc. 828.[3]

In "Ground One" of his § 2255 motion, Townsend claims that the district judge violated the "breach of trust" policy outlined in U.S.S.G. Ch. 7, Pt. A, by finding him guilty of a "Grade A" violation of supervised release. Doc. 807 at 4. The preprinted § 2255 form that movant used asked him if he appealed this issue and he checked "no," explaining: "Attorney was given notice but failed to do so and also this claim is based on new found evidence of September 27, 2010 state Trial." *Id*.

Townsend cites the same failure of his attorney to appeal as justification for why he did not raise on direct appeal "Ground Two," which is that the district judge used the "wrong Criminal History Category" when deciding to send him back to prison for 36 months. *Id*. at 5-6. He does not raise the failure-to-appeal matter in his remaining

---

[3] In a "Judicial Notice" he complains that prison officials have discriminated against him by failing to provide him with a diet that conforms to his religious beliefs. Doc. 829. To the extent he seeks § 2255 relief on this basis, it is **DENIED** as frivolous.

two Grounds (Three and Four, *id.* at 7-11), nor in his supporting brief, *id.* at 14-16, where his "Relief" section explains that he "merely seeks a sentence correction of 26 months or 28 months," so the Court should correct his sentence "by deducting 10 months due to findings of not guilty on state charges as Petitioner [showed] he was innocent of at revocation hearing." *Id.* at 16.

However, in response to the government's dismissal motion, Townsend insists that he raised the failure-to-appeal claim in his § 2255 motion "in the belief this would either grant the Court jurisdiction to resolve these claims or grant me a direct appeal for the Appeals Court to resolve." Doc. 25 at 1. He thus demands an evidentiary hearing on this point, *id.* at 5-6, along with his other claims. *Id.* at 6-7. And, he reminds this Court that it must construe his *pro se* pleadings liberally. *Id.* at 6; see also Sanders v. United States 113 F.3d 184, 187 (11th Cir. 1997).

The failure of counsel to consult on whether to take a direct appeal of such a revocation supplies grounds for relief. *Burnett v. United States*, 2012 WL 1022162 at * 6 (7th Cir. Mar. 28, 2012) ("Because counsel rendered ineffective assistance by failing to consult with Burnett about filing an appeal, the district court's judgment is REVERSED and the case

Case 4:10-cv-00287-BAE -GRS   Document 29   Filed 05/10/12   Page 4 of 4

is REMANDED for the entry of an order granting Burnett's motion, and reinstating his time to file an appeal from the revocation of his supervised release.") (applying *Roe v. Flores–Ortega*, 528 U.S. 470, 479 (2000)). There is no indication in the record whether Townsend's revocation lawyer, Julian H. Toporek, doc. 788, ever consulted with him on that score.[4] Within 21 days of the date this Order is served, the government shall address this issue.[5]

**SO ORDERED,** this 10th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] As this Court just explained in *Young v. United States*, CV411-175 doc. 7 (S.D. Ga. May 7, 2012), this issue can be avoided by the simple use of a prepared form that court clerks and even prosecutors should ensure that defense counsel timely receive. *Id.* at 2 n. 3.

[5] It is free to respond to any other matter Townsend has raised. Too, mootness should be considered. *See, e.g., United States v. Rowley*, 2012 WL 1521813 * 1 (8th Cir. May 2, 2012) ("Roger Allan Rowley appeals the sentence imposed on him after the district court revoked his supervised release in November 2008. The appeal is moot because Rowley was released from custody and fully discharged his sentence in October 2011.") (footnote omitted). Townsend was arrested on December 7, 2009, doc. 770, and the Court entered its revocation judgment against him on February 16, 2010. Doc. 780. It is unclear how long he has been in custody, and thus how much of his 36-month term remains to be served. Townsend, meanwhile, is free to file a reply brief.

4